■      In the Matter of KEVIN R., a Person Alleged to be a Juvenile Delinquent, Appellant.— Order of Family Court of the State of New York, Bronx County, entered on March 13, 1973, discharging appellant to the custody of the Commissioner of Mental Hygiene following a determination of said court, that appellant had committed an act which, if done by an adult, would constitute the crime of assault, unanimously reversed, on the law, without costs and without disbursements, and the petition dismissed. Petitioner, a New York City police officer, testified that after he gave the nine-year old Kevin the four-fold *Miranda* warnings in the presence of his uncle, appellant admitted striking his victim with a brick and bottle. The uncle denied being present when the warnings were administered and the incriminating statements made. Even if we accept as true the police officer's version of what occurred at the station house, it is clear, on the record before us, that appellant did not knowingly and intelligently waive his rights; even if we assume, *arguendo*, that a nine-year old could comprehend them. Moreover, the court below, apparently relying on *Lego* v. *Twomey* (404 U. S. 477) denied a motion to suppress the confession on the ground that its admissibility was established by a preponderance of the evidence. The very same case, however, authorizes the individual states to adopt a higher standard. We still require the voluntari-

ness of a confession to be proven beyond a reasonable doubt. (*People* v. *Valerius,* 31 N Y 2d 51.) Finally, the petitioner violated the provisions of section 724 of the Family Court Act when he took appellant to the station house for questioning without making any apparent effort to immediately notify one of his parents. (Cf., *Matter of Aaron D.,* 30 A D 2d 183.) Concur — Kupferman, J. P., Murphy, Lane, Tilzer and Capozzoli, JJ.